**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SANDRA SMEE,** | ) | **CASE NO. 1:26-CV-00033** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | ) | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter comes before the Court upon the *Report and Recommendation* of United States Magistrate Judge James E. Grimes, Jr. The *Report and Recommendation* (ECF #10), issued on August 14, 2026, is hereby ADOPTED by this Court, without objection.

On January 6, 2026, Plaintiff/Claimant Sandra Smee filed a *Complaint* in this Court (ECF #1) challenging the final decision of the Commissioner of the Social Security Administration, which decision denied her application for Supplemental Security Income disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.* (ECF #6, *Transcript of Proceedings* ["*Tr.*"], pp. 7-34; PageID #34-#61).[1] The Administrative Law Judge

[1] Plaintiff filed her application for Supplemental Security Income on October 17, 2023. (ECF #6, *Tr.*, pp. 233-239 ; PageID #260-#266). The record shows that she initially filled out her application in September 2023, but did not file it until October 2023. (*See* ECF #10, *Report and Recommendation,* p. 1, n. 1). The application was denied initially and upon reconsideration,

("ALJ") determined that, while Plaintiff/Claimant Smee had a number of severe impairments,[2] "the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)," (ECF #6, *Tr.*, p. 14; PageID #41), and that "after careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c)," within certain specified limitations as set forth in the ALJ's decision. (ECF #6, *Tr.*, p. 17; PageID #44).

Plaintiff/Claimant Smee, in her *Brief on the Merits*, presented the following issue for review: "Whether the [ALJ]'s findings and conclusions concerning the Plaintiff's residual functional capacity are supported by substantial evidence" (ECF #7, *Plaintiff's Brief on the Merits*, p.1, PageID #1476, *as described in* ECF #10, *Report and Recommendation*, p. 2; PageID #1510).

After a full review of the arguments presented, the applicable law, and the record before

---

(ECF #6, *Tr.*, pp. 134-137, 140-142; PageID #161-#164, #167-#169), and she thereafter requested a hearing before an Administrative Law Judge. (ECF #6, *Tr.*, pp. 148-149; Page ID #175-#176). On February 4, 2025, a telephonic hearing was held before an Administrative Law Judge, at which Ms. Smee (represented by counsel) and a vocational expert testified. (ECF #6, *Tr.*, pp. 91-117; PageID #118-#144). On March 18, 2025, the Administrative Law Judge issued a written decision finding that Plaintiff/Claimant Smee was not disabled. (ECF #6, *Tr.*, pp. 7-34; PageID #34--#61). That decision became final on November 7, 2025, when the Appeals Council declined further review. (ECF #6, *Tr.*, pp. 1-5; PageID #28-#32).

[2] Specifically, the ALJ's decision noted "[t]he claimant has the following severe impairments: borderline personality disorder, generalized anxiety disorder (GAD), post-traumatic stress disorder (PTSD), major depressive disorder (MDD), hiatal hernia status-post repair, dysphagia to solids, diverticulitis, and gastroesophageal reflux disease (GERD) with esophagitis without hemorrhage (20 CFR 404.1520(c))." (ECF #6, *Tr.*, p. 12; PageID #39).

the Court, the Magistrate Judge to whom this matter was referred pursuant to N.D. Ohio L.R. 3.1 (*See* Non-Numbered Docket Entry accompanying ECF #2), Magistrate Judge James E. Grimes, Jr., found that Plaintiff/Claimant Smee had not demonstrated that the ALJ had committed error when assessing Ms. Smee's residual functional capacity to perform medium work within the conditions specified in the ALJ's decision, and therefore recommended to this Court that the Commissioner of Social Security's final decision, as reflected in the ALJ's ruling, be affirmed. (ECF #10, *Report and Recommendation*, pp. 14-21; PageID #1522-#1529).

Plaintiff/Claimant Smee has not since filed any objections to the Magistrate Judge's August 14, 2026 *Report and Recommendation.*

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation. When objections are made to the magistrate judge's report and recommendation, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3). When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

While not required to do so under the applicable standard governing review of a *Report and Recommendation* to which no objection has been filed, the Court nevertheless has reviewed *de novo* the *Report and Recommendation*, and ADOPTS the *Report and Recommendation* in its

entirety.

The Commissioner's decision denying Ms. Smee's application for Supplemental Security Income disability insurance benefits is AFFIRMED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: NOVEMBER 9, 2026